ELLIS, Judge:
This case involves the propriety of an assessment of sales taxes made by the Collector of revenue against Lake Providence Dredging Co., Inc. for certain gravel sold and delivered in Louisiana. After the assessment of the tax was upheld by the Board of Tax Appeals, Lake Providence sought judicial review of that determination. The matter was tried in the district court on the record established before the Board, and judgment was rendered reversing the Board’s decree. . From that judgment, the Collector has appealed.
The record establishes that State Hot Mix, and its successors, operated a plant which produced a mixture of asphalt, gravel and other materials, called “hot mix”, which is used in surfacing highways. All of the sales of gravel which are the subject of this case were made to State Hot Mix and its successors. At least 90 per cent of the gravel so sold was actually incorporated in the hot mix. Although the evidence in this case leaves much to be desired, we find that the record further establishes that the hot mix was then sold by State Hot Mix, and its successors, to other legal entities which, in turn, used it to surface portions of Interstate Highway 20.
R.S. 47:301(10) provides:
“(10) ‘Retail sale,’ or ‘sale at retail’ means a sale to a consumer or to any person for any purpose other than for resale in the form of tangible personal property, and shall mean and include all such transactions as the collector, upon investigation, finds to be in lieu of sales; provided that sales for resale must be made in strict compliance with the rules and regulations. Any dealer making a sale for resale, which is not in strict compliance with the rules and regulations, shall himself be liable for and pay the tax.
“The term ‘sale at retail’ does not include sales of materials for further processing into articles of tangible personal property for sale at retail, nor does it include an isolated or occasional sale of tangible personal property by a person not engaged in such business.”
Article 2-38 of the Rules and Regulations Promulgated in Connection with Louisiana General Sales Tax provides, in part:
“Article 2-38. Resale Certificate. The Collector of Revenue will consider all sales to be retail sales unless the seller takes from the buyer a resale certificate signed by the buyer to the effect that the property was purchased for resale, or to be used as an ingredient or component part of a new article for sale at retail. Dealers are required to secure from the buyer a resale certificate upon a form provided by the Collector of Revenue, which form shall be filled out fully and completely in all detail giving all information called for on the form. Forms for resale certificates will be furnished to *827 wholesale and retail dealers by the Collector upon request. Any dealer who fails to secure a resale certificate from a buyer, properly filled out, will be responsible for the collection of the tax on the sale involved.”
Article 2-37 of the Regulations provides:
“Article 2-37. Sales to manufacturers and producers. The gross receipts or gross proceeds derived from sales of raw materials to manufacturers and producers to be used in fabricating or producing finished articles of tangible personal property for resale, and which becomes a recognizable, integral part of such finished articles, are not subject to the tax imposed under the Sales Tax Act. The proceeds derived from subsequent sales of such finished articles of tangible personal property to consumers or users, are subject to the tax.”
Lake Providence contends that the gravel sold by it to State Hot Mix was to be further processed into articles of tangible personal property for sale at retail, and the tax on “sales at retail” does not apply.
The Collector contends that whether the transactions sought to be taxed are “sales for resale” or “sales of materials for further processing into articles of tangible personal property,” they were not made in strict compliance with Article 2-38, supra, and that Lake Providence is responsible for the tax under that regulation, because no resale certificate was obtained by it.
Lake Providence admits that it obtained no resale certificate, but contends that the provisions of the first paragraphs of R.S. 47:301(10) and of Article 2-38 have no application to this case. It is contended that sales of material for further processing are governed by Article 2-37, supra, which require no resale certificate, and that under that article, and the second paragraph of R.S. 47:301(10) the sales of gravel herein are simply not taxable.
We think the position of Lake Providence is correct. Article 2-38 of the Regulations clearly applies only to sales for resale, which are carefully distinguished from sales of material for further processing by both R.S. 47:301(10) and Regulation 2-37. We find that sales of material for further processing are not subject to the general sales tax, and that no administrative rule requires Lake Providence to obtain a certificate of resale from a purchaser-processor.
The judgment appealed from is therefore affirmed. The Collector shall pay whatever costs may be legally assessed.
AFFIRMED.